IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.                                                      Criminal Action No. 4:22cr63 (RCY)

LAMETRICE HERRING, JR.,
                    Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on a motion for a sentence reduction filed by counsel on behalf of the defendant, Lametrice Herring, Jr. (ECF No. 67).  For the reasons set forth below, the Court will deny the Motion.

### I.  BACKGROUND

On March 14, 2023, the Court sentenced Herring to 164 months' imprisonment[1] after he pleaded guilty to two counts of interference with interstate commerce by robbery, threats, and violence, in violation of 18 U.S.C. § 1951(a), and one count of use, carry, and brandish a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  His 80-month sentence on Counts 1 and 3 fell below the advisory guidelines range of 87 to 108 months' imprisonment, which was based in part on the assignment of 4 criminal history points.

On November 1, 2023, the United States Sentencing Commission's amendments to the advisory Sentencing Guidelines took effect.  These amendments included Amendment 821, which, in relevant part, reduces "status points" for certain offenders.  U.S. Sentencing Comm'n., *Amendments to the Sentencing Guidelines* (Aug. 31, 2023).  On August 24, 2023, the Commission voted to give retroactive effect to these provisions of Amendment 821.  *Id*.  Amendment 821

---

[1] Consisting of 80 months' imprisonment as to each of Counts 1 and 3, to run concurrent, and 84 months' imprisonment as to Count 2, to run consecutive to the sentence imposed with respect to Counts 1 and 3.

reduces Herring's criminal history points to 2, which in turn reduces his recommended guidelines range on Counts 1 and 3 to 78–97 months' imprisonment.

## II.  ANALYSIS

Although the parties agree that Amendment 821 applies to Counts 1 and 3, they dispute whether the Court should reduce Herring's sentence.  Herring, through counsel, asks for a reduction to 70 months' imprisonment, which would be a sentence below new advisory guidelines range.  He argues that such a reduction "would be consistent with his previously imposed sentence," which likewise fell below the then-calculated guidelines range.  Def.'s Mot. Reduction Sent. 2, ECF No. 67.  Herring further argues that a reduction in his sentence is appropriate for all the reasons he "was deemed to be deserving of a variance" at the time of his original sentencing.

The government opposes the motion, arguing that the original sentence is appropriate and no greater than necessary, and that the nature and circumstances of Herring's offenses, his personal and criminal history, and the need to protect the public weigh against reducing his sentence. Gov't's Resp. 2–3, 7–9, ECF No. 68.

After considering the applicable § 3553(a) factors, the Court will deny Herring's motion.[2] When the Court sentenced Herring, it granted a downward variance from the advisory sentencing guidelines range of 87–108 months based on Herring's difficult childhood, the abuse he suffered, his documented mental health challenges, and his relatively limited criminal history.  The Court

---

[2] Although the Court focuses on the most relevant § 3553(a) factors, the Court has considered the record pertaining to (1) the defendant's sentence relative to the nature and circumstances of his offense; (2) his personal history and characteristics; (3) the need to afford adequate deterrence; (4) the need to protect the public from further crimes of the defendant; (5) the need to provide rehabilitative services; (6) the applicable guideline sentence; (7) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct; (8) and the need to provide restitution to victims.  *See* 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7).

finds that the reduced criminal history category (II) brought about by Amendment 821 accounts for some of the same considerations the Court weighed when it granted the original downward variance, and thus a sentence within the adjusted advisory guidelines range of 78–97 months adequately reflects Herring's personal history and characteristics in a way that a within-guidelines sentence based on the original advisory guidelines range of 87–108 months did not. *See* 18 U.S.C. § 3553(a)(1). The Court further finds that its original sentence adequately accounted for the remaining § 3553(a) factors, particularly the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and the need to provide Herring with needed care or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2).

### III. CONCLUSION

For the reasons set forth above, the Court does not find that the § 3553(a) factors and applicable policy statements support the reduction requested. Accordingly, the Court will deny the Motion and the *pro se* motion for sentence reduction superseded thereby.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Roderick C. Young
United States District Judge

Date: June 17, 2026
Richmond, Virginia

3